1  Spencer C. Skeen CA Bar No. 182216
   spencer.skeen@ogletree.com
2  Marlene M. Moffitt CA Bar No. 223658
   marlene.moffitt@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  4660 La Jolla Village Drive, Suite 900
   San Diego, CA  92122
5  Telephone:     858-652-3110
   Facsimile:     858-652-3101
6
7  Attorneys for Defendant JONES LANG
   LASALLE AMERICAS, INC.

8                           **UNITED STATES DISTRICT COURT**

9                           **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | JAVIER RAMIREZ, as an individual and on behalf of all employees similarly situated, | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| JONES LANG LASALLE AMERICAS, INC., an Illinois Corporation; and DOES 1 through 50, inclusive, | [28 U.S.C. § 1332(d) (Class Action Fairness Act)] |
| Defendants. | [Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; and Declarations of Nandini Amin and Marlene Moffitt] |
| | Complaint Filed:  May 3, 2023 |
| | Removal Date:    June 8, 2023 |

Defendant JONES LANG LASALLE AMERICAS, INC. ("Defendant" or "JLL") removes this action to the United States District Court for the Northern District of California under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ["CAFA"]) and § 1446 because (1) Plaintiff and other members of the putative class are citizens of a State different from any defendants; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied here.

## I. STATE COURT ACTION

1. Plaintiff Javier Ramirez ("Plaintiff") filed a Class Action Complaint ("Complaint") on May 3, 2023 in San Francisco County Superior Court ("Action"), Case No. CGC-23-606331. (Moffitt Decl., ¶ 2.) A copy of the Complaint is attached as **Exhibit 1**.

2. JLL was served with the Complaint on May 10, 2023. (Moffitt Decl., ¶ 3.) A copy of the Summons is attached as **Exhibit 2**.

3. JLL filed an Answer to the Complaint on June 7, 2023 (Moffitt Decl., ¶ 4.) A copy of the Answer is attached as **Exhibit 3**.

## II. REMOVAL IS TIMELY

4. The Notice of Removal was filed within 30 days of service of the Complaint. Therefore, the Notice of Removal is timely. See 28 U.S.C. § 1446.

## III. REMOVAL IS PROPER UNDER CAFA

5. Removal is proper given Plaintiff's allegations and claims. The Complaint asserts these claims on a class basis: (1) unpaid wages, including unpaid overtime; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) final wages not paid timely; (5) non-compliant wage statements; (6) unreimbursed business expenses; and (7) violation of Business and Professions Code §§ 17200 et seq., among other claims. (Ex. 1 [Complaint].)

6. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of the proposed class is over 100 in the aggregate; and

1  where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and
2  costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.
3        7.    This Court has jurisdiction over the Action under CAFA because it is a civil case filed
4  as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state
5  different from at least one defendant; the number of potential class members is over 100; and the
6  matter in controversy exceeds $5 million, exclusive of interest and costs.
7        **A.    CAFA's Diversity of Citizenship Requirement Is Satisfied**
8        8.    CAFA's diversity requirement is satisfied "so long as 'any member of a class of
9  plaintiffs is a citizen of a state different from any defendant.'" *Bradford v. Bank of Am. Corp.,* No.
10 CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015); citing, *California v.*
11 *InelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014); 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B),
12 1453(a), (b).
13       9.    Citizenship of Plaintiff and putative class members. At all relevant times, Plaintiff
14 was a citizen of California. (Ex. 1 [Complaint], ¶ 9.) Members of the proposed class, who by
15 definition are or were employed in California, are presumed to be primarily citizens of the State of
16 California. *See, e.g., Lew v Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("place of employment" is an
17 important factor weighing in favor of citizenship).
18       10.   Citizenship of Defendant. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed
19 to be a citizen of every State and foreign state by which it has been incorporated and of the State or
20 foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court
21 established the proper test for determining a corporation's principal place of business for diversity
22 jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The "'principal place of business' is best
23 read as referring to the place where a corporation's officers direct, control, and coordinate the
24 corporation's activities." *Id*. at p. 1184. It is the place where the corporation "maintains its
25 headquarters – provided that the headquarters is the actual center of direction, control and
26 coordination." *Id.*
27       11.   At all relevant times, JLL has been a business entity organized under the laws of the
28 State of Maryland with its principal place of business in Illinois. JLL's principal address, along with

its CEO, Secretary, and CFO are located in Chicago, Illinois. JLL is headquartered in Illinois and its core executive and administrative functions occur there. (Amin Decl., ¶ 2.)

12. Accordingly, JLL is a resident of Maryland and Illinois. The minimal diversity of citizenship requirements under 28 U.S.C. § 1332(d)(2) are met.

### B.  CAFA's Class Size Requirement Is Satisfied

13. Plaintiff defines the Class Period as the period "within four (4) years of filing of this Complaint to the present" for most of his claims. (Ex. 1 [Complaint], ¶¶ 52(a), (b), (c), and (d).)

14. From May 3, 2019 through the date of this Notice of Removal, JLL employed more than 100 putative class members. (Amin Decl., ¶ 4.)[1]

### C.  CAFA's Amount in Controversy Requirement Is Satisfied

15. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

16. The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5 million]." *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). For removal, "[t]he court accepts the allegations in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806s, 807 (9th Cir. 2017) (citing *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012)).

#### 1.  Alleged Unpaid Wages, Including Unpaid Overtime

17. In support of his first cause of action, Plaintiff alleges he and the putative class members were required to "take a COVID test once per week prior to arriving to Defendant's facilities off-the-clock but failed to compensate for that time." And, he and the putative class members were required "to perform work 'off-the-clock'" and "work beyond the scheduled eight hours to check and respond to work related emails. However, Plaintiff's manager specifically instructed to make sure it does not create any overtime work so that Defendant avoids paying

---

[1] JLL in no way concedes Plaintiff's allegations in the Complaint are accurate.

1  overtime." (Ex. 1, [Complaint], at ¶ 37.) Plaintiff alleges he and the putative class members were
2  required to work overtime "in excess of eight (8) hours per workday and in excess of forty (40) hours
3  per workweek but were not paid at the proper overtime rate of pay." (Ex. 1, [Complaint], ¶¶ 38, 64.)

4   18.   Labor Code section 1194(a) provides:

> "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

19.   JLL denies Plaintiff or the putative class members were not paid all overtime wages earned.[2] However, because Plaintiff has alleged he and other class members worked more than eight hours in a day and more than 40 hours in a week, at a minimum, the court should apply to the amount in controversy requirement a conservative assumption of 1 hour of unpaid overtime wages each workweek that the putative class members worked in California.

20.   Based on JLL's records, the number of putative class members from four years prior to the filing of the Complaint to the date of this Notice is at least 1,685. Those employees worked a total of approximately 158,138 weeks and had an average hourly rate of pay of $35.90. (Amin Decl., ¶ 4.)

21.   JLL's calculation of Plaintiff's claims for unpaid time-and-a-half overtime wages is **$4,257,865.65** ([$35.90 per hour x 1.5 overtime premium x .5 hours] * 158,138 workweeks). The computation of the amount in controversy is based on corporate business records that show the 1,685 putative class members worked 158,138 weeks since May 3, 2019, with an average regular rate of $35.90 per hour, and the assumption that each putative class member incurred 30 minutes (.5 hours) of unpaid overtime every workweek. (*Id*.)

---

[2] In alleging the amount in controversy in this Notice, JLL does not concede in any way Plaintiff's allegations are accurate, or that Plaintiff or the putative class members are entitled to any monetary relief. JLL does not concede any putative class members are appropriately included in the Action.

22. An assumption of one hour of unpaid overtime for every workweek has been accepted by the federal courts as a reasonable and conservative figure. *See Jasso v. Money Mart Express, Inc.,* No. 11-CV-5500 YGR, 2012 WL 699465, at *56 (N. D. Cal. Mar. 1, 2012) (holding that calculating at least one violation per week was a "sensible reading of the alleged amount in controversy"); *Ray v. Wells Fargo Bank, N.A.,* No. CV 11-01477 AHM (JCx), 2011 WL 1790123, at *6-7 (C.D. Cal. May 9, 2011). This is especially the case where, as here, the plaintiff fails to provide specific allegations concerning the frequency of which he worked overtime without being provided the requisite compensation. *See Byrd v. Masonite Corp.,* No. EDCV 16-35 JGB (KKX), 2016 WL 2593912, at *5 (C.D. Cal. May 5, 2016).

23. Plaintiff include additional claims such as alleged minimum wage violations and untimely wages during employment. (Ex. 1 [Complaint], ¶ 61 and Ex. A.) Even excluding those claims, however, Plaintiff's allegations easily satisfy the threshold for purposes of removal under CAFA, as further set forth below. Even the most conservative of estimated recoveries for Plaintiff's additional wage claims pushes the amount in controversy even further over the threshold.

**2.     Alleged Meal Break Violations**

24. In support of his second cause of action, Plaintiff alleges he and the putative class members "would often times miss their meal periods, have interrupted or short meal periods." (Ex. 1. [Complaint], at ¶ 39.) For this, Plaintiff seeks to recover on behalf of himself and other putative class members "one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided." (Ex. 1 [Complaint], ¶¶ 72, 77.)

25. JLL's calculation of Plaintiff's claim for meal period violations is **$5,677,154.20** ($35.90 avg hourly rate x 1 break premium per week x 158,138 weeks). This computation is based on corporate business records that show putative class members have worked 158,138 weeks since May 3, 2019 and at an average regular rate of $35.90 per hour, and the assumption that each putative class member incurred one meal period violation for every workweek. (Amin Decl., ¶ 4.)

26. When determining the amount placed in controversy by a plaintiff's allegations regarding a common practice of meal period violations like those alleged by Plaintiffs in the Complaint, an estimate of one meal period violation for every week of work is both reasonable and conservative.

Ex. 1 [Complaint], ¶¶ 39, 72, 77; *See, e.g., Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 649 (9th Cir. 2012); *Mackall v. Healthsource Glob. Staffing, Inc.*, No. 16-CV-03810-WHO, 2016 WL 4579099, at *5 (N.D. Cal. Sept. 2, 2016) (acknowledging that multiple decisions from the Northern District of California have recognized assumptions of one missed meal period per week as "reasonable in light of policy and practice allegations and allegations that defendants' 'regularly' denied class member breaks."); *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) (approving of defendant's assumption that class members missed one required meal period per week).

### 3. Alleged Rest Break Violations

27. In support of his third cause of action, Plaintiff alleges "Defendant did not allow Plaintiff and Class Members to leave the work premises for rest periods. Accordingly, JLL's policy and practice was for Plaintiff and Class Members to work through rest periods and to not authorize or permit them to take any rest periods." (Ex. 1 [Complaint], at ¶ 40.) For this, Plaintiff seeks to recover on behalf of himself and other putative class members "one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Ex. 1 [Complaint], ¶¶ 80—85.)

28. JLL's calculation of Plaintiff's claim for rest break violations is **$5,677,154.20** ($35.90 avg hourly rate x 1 break premium per week x 158,138 weeks). This computation is based on corporate business records that show putative class members have worked 158,138 weeks since May 3, 2019 and at an average regular rate of $35.90 per hour, and the assumption that each putative class member incurred one rest period violation for every workweek. (Amin Decl., ¶ 4.)

### 4. Wage Statement Penalties

29. Plaintiff also seek penalties for allegedly inaccurate wage statements under California Labor Code § 226 on behalf of themselves and the putative class. (Ex. 1 [Complaint], at ¶¶ 91.) Plaintiff alleges his wage statements were deficient because they failed to include "all applicable hourly rates . . . the correct overtime hours worked, correct wages for meal periods. . . [and] the correct wages for rest periods" among other things. (*Id*., at ¶ 49.)

30. Labor Code section 226 carries a one-year statute of limitations, making the liability period here span from May 3, 2022 to present (i.e., one year prior to the filing of the Complaint). Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015).

31. From May 3, 2022 to present, JLL employed at least 1,669 putative class members who worked approximately 36,189 pay periods and presumably received a wage statement each pay period. (Amin Decl., ¶ 5.)

32. Therefore, based on Plaintiff's allegations, the amount in controversy for this claim is **$3,535,450** (1,669 * $50=$83,450) + (654 * $100=$65,400).

### 5. Waiting Time Penalties

33. Plaintiff seeks waiting time penalties under California Labor Code § 203 on behalf of himself and other class members who are no longer employed by JLL. (Ex. 1 [Complaint], ¶¶ 48, 97—99.)

34. California Labor Code § 203 provides that "[i]f an employer willfully fails to pay… any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

35. A three-year statutory period applies to Plaintiff's claim for waiting time penalties. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010).

36. From May 3, 2020 through the date of this Notice, at least 505 putative class members terminated their employment with JLL. (Amin Decl., ¶ 6.) Thus, the amount in controversy for waiting time penalties is at least **$4,351,080** ($35.90 average hourly rate x 8 hours x 30 days x 505 putative class members).

### 6. Attorney's Fees

37. Based on the above claims, JLL has demonstrated at least **$23,498,704.05** ($4,257,865.65+$5,677,154.20+$5,677,154.20+$3,535,450.00+$4,351,080) is in controversy based on Plaintiffs' allegations.

38. Plaintiff also seeks attorney fees. (Ex. 1 [Complaint], Prayer for Relief, ¶¶ 8, 13, 18, 23, 28, 33, 38.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*, No. CV1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015) (same). Here, a 25% recovery for attorney's fees would be **$5,874,676.01 (.25 * $23,498,704.05), for a total of $29,373,380.06.**[3]

### 7. Summary

39. Even excluding Plaintiff's other claims for alleged failure to reimburse business expenses, minimum wage violations, untimely wages during employment, and recordkeeping violations, Plaintiffs' allegations easily satisfy the $5 million threshold for purposes of removal under CAFA. Even the most conservative of estimated recoveries for Plaintiff's additional claims pushes the amount in controversy even further over the $5 million threshold.

### IV. DEFENDANT HAS SATISFIED THE REMAINING REMOVAL REQUIREMENTS

40. <u>Venue is Proper</u>. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the District Court in which the Action is pending. The Superior Court for the County of Orange County is within the Central District of California. (28 U.S.C. § 84(d).) Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. (28 U.S.C. § 1441(a).)

---

[3] ($4,257,865.65+$5,677,154.20+$5,677,154.20+$3,535,450.00+$4,351,080+$5,874,676.01)

41. Under 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the Declarations of Nandini Amin and Marlene Moffitt, and Exhibits 1, 2, and 3, which constitute a copy of all processes, pleadings, and orders provided to JLL.

42. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as it was served within 30 days of service of the Complaint, which is the initial pleading setting forth the claim upon which the action is based. (Moffitt Decl. ¶ 3.)

43. As required by 28 U.S.C. §1446(d), JLL provided Notice of Removal to Plaintiff through their attorneys of record.

44. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for Orange County.

45. If this Court has a question regarding the propriety of this Notice of Removal, JLL requests it issue an Order to Show Cause so it may have an opportunity to more fully brief the grounds for this removal.

## V.   CONCLUSION

For the foregoing reasons, JLL removes the above-entitled action to the United States District Court for the Northern District of California.

DATED:  June 8, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Spencer C. Skeen*
Spencer C. Skeen
Marlene M. Moffitt
Attorneys for Defendant JONES LANG LASALLE AMERICAS, INC.