Lilit Tunyan (SBN: 329351)
ltunyan@tunyanlaw.com
Artur Tunyan (SBN: 349174)
atunyan@tunyanlaw.com
**TUNYAN LAW, APC**
1336 Rossmoyne Avenue
Glendale, California 91207
Telephone: (323) 410-5050

Attorneys for Plaintiff JAVIER RAMIREZ as an individual
and on behalf of all employees similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RAMIREZ, as an individual and on behalf of all employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JONES LANG LASALLE AMERICAS, INC., an Illinois Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:23-cv-02824-HSG<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Violation of Labor Code §§ 204, 510, 1194, 1198 (Failure to Pay All Wages);<br>2. Violation of Labor Code §§ 226.7, 512 (Failure to Provide Meal Periods);<br>3. Violation of Labor Code § 226.7 (Failure to Provide Rest Periods);<br>4. Violation of Labor Code § 226 (Failure to Keep Accurate Itemized Wage Statements);<br>5. Violation of Labor Code §§ 201-203, 227.3(Failure to Pay Wages and Accrued Vacation Upon Termination of Employment);<br>6. Violation of Labor Code § 2802 (Failure to Reimburse for Necessary Expenditures);<br>7. Violation of Bus. & Prof. Code § 17200 et seq. (Unfair Business Practices), and<br>8. Violation of the Private Attorneys General Act, Labor Code sections 2698, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Plaintiff JAVIER RAMIREZ (hereinafter referred to as "Plaintiff") on behalf of himself and all others similarly situated, and as representative of the State of California and the Labor and Workforce Development Agency ("LWDA"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, complains and alleges as follows:

## **INTRODUCTION**

1.      This is a class action brought on behalf of Plaintiff and the class he seeks to represent ("Class" or "Class Members").  Class Members consist of all non-exempt, hourly-paid employees currently and/or formerly employed by JONES LANG LASALLE AMERICAS, INC. in the State of California during the Class Period.  The term "Class Period" is defined as January 27, 2022 through the date final judgment is entered for all causes of action pleaded in this Complaint except the cause of action for failure to reimburse for necessary expenditures pursuant to Labor Code Section 2802 for which the Class Period is defined as four (4) years prior to the filing of this Complaint through the date final judgment is entered and except for causes of action for failure to provide compliant meal and rest periods pursuant to Labor Code Section 226.7 for which the Class Period is defined from December 4, 2020 through the date final judgment is entered. Plaintiff reserves the right to amend this Complaint to reflect a different "Class Period" or "Class" as further discovery is conducted.

2.      Plaintiff, individually and on behalf of the class he seeks to represent, seeks relief against JONES LANG LASALLE AMERICAS, INC. ("Defendant") for Defendant's failure to pay all wages due in violation of Labor Code Sections 204, 510 and 1194, including regular and overtime wages; failure to provide meal periods or compensation in lieu thereof pursuant to Labor Code Sections 226.7 and 512, the applicable Industrial Welfare Commission Wage Orders, and Code of Regulations, Title 8, Section 11000 et seq.; failure to provide rest periods or compensation in lieu thereof pursuant to Labor Code Sections 226.7 and 512, the applicable Industrial Welfare Commission Wage Orders, and Code of Regulations, Title 8, Section 11000 et seq.; failure to provide accurate itemized wage statements upon payment of wages pursuant to Labor Code Sections 226, subdivision (a), 1174, and 1175; failure to reimburse for necessary

expenditures pursuant to Labor Code Section 2802; and failure to pay wages of terminated or resigned employees pursuant to Labor Code Sections 201, 202, 203 and failure to pay all accrued vacation wages at termination pursuant to Labor Code Section 227.3.

3.    Plaintiff seeks equitable remedies in the form of declaratory relief and injunctive relief, and relief under Business and Professions Code Section 17200 et seq. for unfair business practices.

4.    At all relevant times herein, Defendant has consistently maintained and enforced against Plaintiff and Class the following unlawful practices and policies:

    (a)    willfully refusing to pay Plaintiff and Class for all hours worked, including regular and overtime;

    (b)    willfully refusing to permit Plaintiff and Class from taking meal periods or compensation in lieu thereof;

    (c)    willfully refusing to permit Plaintiff and Class from taking rest periods or compensation in lieu thereof;

    (d)    willfully refusing to maintain accurate records and to furnish to Plaintiff and Class accurate itemized wage statements upon payment of wages;

    (e)    willfully refusing to compensate certain members of the Class wages and accrued vacation due and owing at the time of Class Members' employment with Defendant ended; and

    (f)    willfully refusing to reimburse Plaintiff and Class for necessary expenditures.

5.    On information and belief, Defendant was on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendant's violations, as alleged above, during all relevant times herein were willful and deliberate.

6.    At all relevant times, Defendant was and is legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the

foregoing paragraphs as the employer of Plaintiff and Class. Further, Defendant is responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

7.    Plaintiff further brings this action as a representative of the State of California and the Labor and Workforce Development Agency ("LWDA") to recover civil penalties pursuant to the Private Attorneys General Act ("PAGA"), Labor Code sections 2698, et seq., for violations of numerous Labor Code provisions, including, but not limited to, sections 201-203, 204, 226, 226.7, 227.3, 510, 512, 1174, 1194, 1198 and 2802, as well as violations of the applicable Wage Order.

## JURISDICTION AND VENUE

8.    Venue is proper in this judicial district and in the County of San Francisco, California because Defendant maintained its location and/or transacted business in this county, the obligations and liability arise in this and other counties, and work was performed by members of the proposed class made the subject of this action in this and other counties.

9.    The wages, statutory penalties, monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. This Court has jurisdiction over this action pursuant to the California Constitution, article VI, Section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction.

10.    The California Superior Court has jurisdiction in the matter because the individual claims are under the seventy-five thousand dollars ($75,000.00) jurisdictional threshold for Federal Court and the five million dollars ($5,000,000.00) aggregate jurisdictional threshold for Federal Court and, upon information and belief, Plaintiff and Defendant are residents of, domiciled in, or otherwise subject to jurisdiction in the State of California. Further, there is no federal question at issue as the issues herein are based solely on California statutes and law including the Labor Code, Industrial Welfare Commission ("IWC") Wage Orders, the Code of Civil Procedure, the Rules of Court, and the Business and Professions Code.

## THE PARTIES

### A.    Plaintiff

11.    Plaintiff, at all relevant times herein, was Defendant's employee and was entitled to compensation for all hours worked, including regular time and overtime compensation, and penalties from Defendant. Plaintiff was employed by Defendant as a moves coordinator from approximately December 20, 2021 to June 14, 2022 at Defendant's facilities located at 345 Spear Street, San Francisco, California 94105.  Each of the Class Members are identifiable, current and/or former similarly situated persons who were employed in non-exempt hourly positions in California by Defendant during the Class Period.

### B.    Defendant

12.    Plaintiff is informed and believes, and based thereon alleges, that Defendant is a corporation doing business in California. On information and belief, Defendant was and/or is the employer of Plaintiff and Class during the Class Period.  Plaintiff also alleges that Defendant is conducting business in good standing in California.

13.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief alleges that these Defendants are legally responsible for the payment of overtime compensation, rest and meal period compensation, and wages to Plaintiff and Class by virtue of their unlawful practices, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of each DOE Defendants when ascertained.

14.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and Class.

15.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the Defendant, and in performing the actions mentioned

below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with permission and consent of the Defendant. Plaintiff also alleges the acts of each Defendant are legally attributable to the other Defendant.

16.    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendant sued herein was, at all times relevant hereto, the employer, owner, shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendant, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent, and knowledge, approval and/or ratification of the other Defendant.

17.    The above Defendant, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

## ADMINISTRATIVE PREREQUISITE

18.    On May 2, 2023, prior to filing this complaint, Plaintiff gave written notice by electronically filing the notice with the Labor Workforce Development Agency ("LWDA") (LWDA Case No. LWDA- 952308-23), and by certified mail to Defendant of the specified provisions alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code Section 2699.3.

19.    A true and correct copy of Plaintiff's letter sent to the LWDA dated May 2, 2023, is attached hereto as "**Exhibit A**".  As of the filing of this complaint, LWDA has not responded to the written notice.

20.    Under Labor Code Section 2699.3 subsection (a), a plaintiff may bring a cause of action under PAGA only after giving notice to the Labor Workforce Development Agency ("LWDA") and the employer of the Labor Code Sections alleged to have been violated, and after receiving notice from the LWDA of its intention not to investigate, or after 65 days have passed without notice.

21.    More than sixty-five (65) days have passed without notice from the LWDA. Accordingly, all administrative prerequisites to filing this action have been fulfilled.

1

## **GENERAL ALLEGATIONS**

2      22.    Plaintiff was employed by Defendant as a moves coordinator from approximately

3  December 20, 2021 to June 14, 2022.

4      23.    Labor Code Section 1194 provides that notwithstanding any agreement to work

5  for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to

6  recover in a civil action the unpaid balance of his or her overtime compensation, including interest

7  thereon, reasonable attorneys' fees, and costs of suit.

8      24.    Labor Code Section 204 requires employers to pay employees all earned wages

9  two times per month on days designated in advance by the employer as regular paydays.

10  Pursuant to Labor Code Section 204 (a) labor performed between the 1st and 15th days,

11  inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the

12  month during which the labor was performed, and labor performed between the 16th and the last

13  day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the

14  following month. Pursuant to Labor Code Section 204 (d) the requirements of this Section shall

15  be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if

16  the wages are paid not more than seven calendar days following the close of the payroll period.

17  Plaintiff and Class were also entitled to be paid twice a month at their regular rates, including all

18  meal period premium wages owed, rest period premium wages owed, and wages owed for hours

19  worked.  Defendant systematically failed and refused to pay the employees all wages due, and

20  failed to pay those wages twice a month, in that employees were not paid all wages for all meal

21  periods not provided by Defendant, all wages for all rest periods not authorized and permitted by

22  Defendant, and all wages for all hours worked.

23      25.    Further, Business and Professions Code Section 17203 provides that any person

24  who engages in unfair competition may be enjoined in any court of competent jurisdiction.

25  Business and Professions Code Section 17204 provides that any person who has suffered actual

26  injury and has lost money or property as a result of the unfair competition may bring an action in

27  a court of competent jurisdiction.

28

26.     During all, or a portion of the Class Period, Plaintiff and each member of the Class was employed by Defendant in the State of California.

27.     Plaintiff and Class Members were non-exempt employees covered under one or more IWC Wage Order(s), and Labor Code Section 510, and/or other applicable Wage Orders, regulations and statutes, and each Class Member was not subject to an exemption for executive, administrative or professional employees, which imposed obligations on the part of Defendant to pay Plaintiff and Class Members lawful overtime compensation.

28.     Plaintiff and Class were covered by one or more IWC Wage Order(s), and Labor Code Section 226.7 and other applicable Wage Orders, regulations and statutes which imposed an obligation on the part of Defendant to pay Plaintiff and Class rest and meal period compensation.

29. During the Class Period, Defendant was obligated to pay Plaintiff and Class Members for all hours worked.  However, Defendant failed to pay Plaintiff and Class Members for all hours worked at the legally mandated wage rates, including regular wages and overtime wages. Defendant regularly used a system of time rounding in a manner that resulted, over a period of time, in failing to compensate Plaintiff and Class Members properly for all the time they have actually worked, even though the realities of Defendant's operations are such that it is possible, practical, and feasible to count and pay for work time to the minute. Defendant failed to maintain a time recording system. Plaintiff and Class Members were not required to keep track of their time and were for scheduled time only despite working more than scheduled time. Defendant also failed to record meal periods.  Accordingly, Defendant frequently paid Plaintiff and Class Members less than all their work time.  Some of this unpaid work also should have been paid at the overtime rate.  Throughout the Class Period, Plaintiff and Class Members received additional remuneration in the form of bonuses and shift differentials. However, Defendant has not compensated Plaintiff and Class Members at the proper overtime and sick pay rate.  Defendant did not include the additional remuneration paid to Plaintiff and Class Members in the regular rate of pay for purposes of calculating overtime rate of pay and

sick pay. Throughout the Class Period, Defendant also maintained a policy and practice of requiring Plaintiff and Class Members to perform work "off-the-clock".  Throughout the Class Period, Defendant required Plaintiff and Class Members to work beyond the scheduled eight hours to check and respond to work related emails. However, Plaintiff's manager specifically instructed to make sure it does not create any overtime work so that Defendant avoids paying overtime. Starting from approximately April 2020, Defendant also required Plaintiff and Class Members to take a COVID test once per week prior to arriving to Defendant's facilities off-the-clock but failed to compensate for that time. In maintaining a practice of not paying all wages owed, Defendant failed to maintain accurate records of the hours Plaintiff and Class Members worked. In doing so, Defendant also failed to maintain accurate records of the hours Plaintiff and Class Members worked.

30.    During the Class Period, Defendant were obligated to pay Plaintiff and Class Members overtime compensation for all hours worked in excess of eight (8) hours of work in one (1) day or forty (40) hours in one (1) week and double-time compensation for hours worked in excess of twelve (12) in one (1) day.  However, often times Plaintiff and Class Members were required to work overtime in excess of eight (8) hours per workday and in excess of forty (40) hours per workweek but were not paid at the proper overtime rate of pay.

31.    During the Class Period, Defendant was obligated to provide Plaintiff and Class with a work-free meal period within the first five (5) hours of a shift when the workday was longer than six (6) hours.  Plaintiff and Class Members were entitled to a full, thirty (30) minute, off-duty meal period when they worked in excess of six (6) hours within the first five (5) hours of their shifts. Here, Defendant failed to keep a record of meal periods and failed to provide Plaintiff and Class Members with legally compliant meal periods. Plaintiff and Class Members were not required to clock in and out for meal periods or otherwise record meal periods. Defendant regularly required Plaintiff and Class Members to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and Class Members for meal

periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendant did not adequately inform Plaintiff and Class Members of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Moreover, Defendant did not have adequate written policies or practices providing meal periods for Plaintiff and Class Members, nor did Defendant have adequate policies or practices regarding the timing of meal periods or recording meal periods. Defendant failed to keep a record of meal periods. Plaintiff and Class would often times miss their meal periods, have interrupted or short meal periods. Accordingly, Defendant's policy and practice was to not provide meal periods to Plaintiff and Class in compliance with California law.

32.    Additionally, Defendant were obligated to provide Plaintiff and Class Members with a ten (10) minute rest break for every four (4) hours, or major fraction thereof, worked each day. Defendant prevented Plaintiff and Class Members from taking rest breaks throughout their shifts. Plaintiff and Class Members were generally precluded from taking rest periods due to Defendant's failure to maintain the rest break policy to provide relief and thereby allow Plaintiff and Class Members the opportunity to take rest breaks. Moreover, Defendant did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and Class, nor did Defendant have adequate policies or practices regarding the timing of rest periods. Most importantly, Defendant did not allow Plaintiff and Class Members to leave the work premises for rest periods. Accordingly, Defendant's policy and practice was for Plaintiff and Class Members to work through rest periods and to not authorize or permit them to take any rest periods.

33.    Further, due to the pressure from Defendant and failure to maintain an adequate policy, and in violation of Labor Code and applicable IWC Wage Orders, Plaintiff was not authorized and permitted to take a second rest period, on shifts exceeding six hours of work, and/or third rest breaks, on shifts exceeding ten hours of work. *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004, 1030 (2012). "Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on."

34.     Furthermore, Defendant failed and/or refused to pay Plaintiff and Class Members one (1) hour's pay at the employees' regular rate of pay as premium compensation for Defendant's failure to provide lawful thirty (30) minute, off-duty meal periods and failure to provide lawful ten (10) minute rest periods within the statutory time frames.

35.     Labor Code Section 227.3 requires employers to pay employees for all unused vested vacation time at their final rate of pay upon termination of their employment. During the Class period, During the statutory period, Defendant maintained a policy and practice of failing to pay Plaintiff and Class Members the Paid Time Off (PTO) pay owed at the termination of employment.  For instance, when Plaintiff's employment with Defendant terminated, he was not paid accrued but not used PTO on his final paycheck from Defendant.  On information and belief, Defendant's failure to pay Plaintiff the correct amount of PTO was not a single, isolated incident, but was instead part of Defendant's policy and practice that applied to Class Members.

36.     Defendant also failed to indemnify Plaintiff and Class Members all necessary expenditures incurred in direct discharge of their duties. Plaintiff and Class Members were required to use their personal cell phones, personal computers, home office and internet when they worked from home. Defendant failed to compensate for personal cell phone, computer, home office and internet usage.  Plaintiff and Class incurred these substantial expenses as a direct result of performing their job duties for Defendant, and Defendant have failed to indemnify Plaintiff and Class for these employment-related expenses.

37.     Defendant continues to employ non-exempt, hourly-paid employees within California.

38.     Plaintiff and Class Members primarily performed non-exempt work, often in excess of the maximum regular rate hours set forth in the applicable IWC Wage Order(s), regulations or statutes, and therefore entitled the Plaintiff and Class Members to overtime compensation at the rate of one and a half times their regular rate of pay and, when applicable, double time compensation as set forth by the applicable IWC Wage Order(s), regulations and/or statutes.

FIRST AMENDED COMPLAINT

39.     During the Class Period, Defendant required Plaintiff and Class Members to work regular hours, off the clock hours, and overtime hours without lawful compensation in violation of the applicable IWC Wage Order(s), regulations and statutes, and Defendant: (1) willfully failed and refused, and continue to fail and refuse to pay compensation for all hours worked, including lawful regular time and overtime compensation, to Class Members; and (2) willfully failed and refused, and continue to fail and refuse to pay due and owing wages promptly upon termination of employment to Plaintiff and affected Class Members.

40.     Class Members who ended their employment with Defendant during the Class Period but were not paid the above due compensation for all hours worked timely upon the termination of their employment as required by Labor Code Sections 201, 202, and 203 are entitled to penalties as provided by Labor Code Section 203.

41.     During the Class Period, Defendant failed to furnish Plaintiff and Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, the rate and units for the payment titled on wage statements as "CA PenltyLateTrm", correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law).  As a result of these violations of California Labor Code § 226(a), Plaintiff and Class suffered injury because, among other things:

(a)   the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)   the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)   the violations led them to believe they were not entitled to be paid overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)   the violations led them to believe they had been paid overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)   the violations hindered them from determining the amounts of overtime, meal period premium, and rest period premium owed to them;

(f)   in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)   by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)   the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and Class were entitled, and Plaintiff and Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

42.    Defendant knew or should have known that Plaintiff and Class members were entitled to receive accurate wage statements, which would include meal break premiums, and/or rest break premiums, as required by Labor Code 226.

43.    Defendant knew or should have known that Plaintiff and Class Members were entitled to timely payment of all wages earned upon termination. Plaintiff and Class Members did

not receive payment of all wages, including but not limited to, meal and rest break premiums, in violation of the Labor Code.

## CLASS ALLEGATIONS

44.    Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382.  The Class is composed of and defined as follows:

(a)    All persons who are employed or have been employed by Defendant in the State of California, and who, from January 27, 2022 to the present, have worked as non-exempt employees and were not paid all wages owed, including but not limited to the legally requisite minimum wage, regular time rate, overtime rate and/or double-time rate;

(b)    All persons who are employed or have been employed by Defendant in the State of California, and who, from December 4, 2020  to the present, have worked as non-exempt employees and have not been provided a meal period for shifts in excess of five (5) hours within the first five (5) hours such shifts, and were not provided one (1) hour's pay for each day during which a lawful meal period was not provided;

(c)    All persons who are employed or have been employed by Defendant in the State of California, and who, from December 4, 2020 to the present, have worked as non-exempt employees and have not been provided a rest period for every four (4) hours, or major fraction thereof, worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period(s) was not provided;

(d)  All persons who are employed or have been employed by Defendant in the State of California, and who, within the four (4) years of the filing of this Complaint to the present, have worked as non-exempt employees and have not been reimbursed expenditures in discharge of their duties;

FIRST AMENDED COMPLAINT

(e)    All persons who are employed or have been employed by Defendant in the State of California, and who, from January 27, 2022 to the present, have worked as non-exempt employees and have been terminated or resigned, and have not been paid wages pursuant to Labor Code Section 203 and are owed restitution and waiting time penalties for unpaid wages;

(f)    All persons who are employed or have been employed by Defendant in the State of California, and who, within the one (1) year of the filing of this Complaint to the present have worked as non-exempt employees and were not provided an accurate payroll record or wage statement as required under Labor Code Sections 226 and 1174;

(g)    All persons who are employed or have been employed by Defendant in the State of California, and who, from January 27, 2022 to the present, have worked as non-exempt employees and were subjected to unlawful and unfair business practices within the meaning of California's Unfair Competition Law and who suffered injury, including lost money, as a result of Defendant's unlawful and unfair business practices.

45.    Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Class alleged in this Complaint.

46.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

47.    The Court should permit this action to be maintained as a class action pursuant to Code of Civil Procedure Section 382 because:

(a)    The questions of law and fact common to Class predominate over any question affecting only individual class members;

(b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the Class members;

FIRST AMENDED COMPLAINT

(c)   Class is so numerous that it is impractical to bring all members of the Class before the Court;

(d)   Plaintiff and Class Members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties and in obtaining adequate compensation for the damages and injuries which Defendant's actions have inflicted upon Class;

(f)   There is a community of interest in ensuring that the combined assets and available insurance of the Defendant are sufficient to adequately compensate Class Members for the injuries sustained;

(g)   Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1)   Inconsistent or varying adjudications with respect to individual members of the Class which would establish an incompatible standard of conduct for Defendant; and/or

(2)   Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendant; and

(h)   Defendant have acted or refused to act on grounds generally applicable to Class, thereby making final injunctive relief appropriate with respect to Class as a whole.

48.   There is a well-defined community of interest in the litigation and Class is readily ascertainable:

(a)   Numerosity:  The members of Class (and each subclass, if any) are so

- 16 -

numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 500 individuals and the identity of such membership is readily ascertainable by inspection of Defendant's records.

(b) <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c) <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1. The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

    2. The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

FIRST AMENDED COMPLAINT

3.  The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4.  The difficulties likely to be encountered in the management of a class action.

(e)  <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

49.  Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  Defendant's own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to Class and deemed necessary and/or appropriate by the Court.

**FIRST CAUSE OF ACTION**

**Failure to Pay All Wages for All Hours Worked**

**(Against Defendant, DOES 1 through 50, and each of them)**

50.  Plaintiff and Class Members re-allege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

51.  Labor Code Section 510, subdivision (a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek...

shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

52. Labor Code Section 1194, subdivision (a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

53. Further, pursuant to Labor Code Section 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

54. Pursuant to Labor Code Section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

55. Pursuant to the IWC Wage Order(s), Defendant is required to pay Plaintiff and Class Members for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

56. Plaintiff and Class Members were required to work overtime in excess of eight (8) hours per workday and in excess of forty (40) hours per workweek but were not paid at the proper overtime rate of pay.

57. Defendant's pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code Section 218, to recovery by Plaintiff and the members of the Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

58. Pursuant to Labor Code Section 1194.2(a) (which provides that in any action under Labor Code § 1194, an employee shall be entitled to recover liquidated damages), the members of Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours

of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

59.     That calculation of individual damages for Class Members may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation. *Collins v. Rocha* (1972) 7 Cal.3d 232; *Hypolite v. Carleson* (1975) 52 Cal.App.3d 566; *Employment Development Dept. v. Superior Court* (1981) 30 Cal.3d 256).

60.     Pursuant to Labor Code Sections 218.6 and 1194(a) and Civil Code Section 3287, Class Members seek recovery of pre-judgment interest on all amounts recovered herein.

61.     Pursuant to Labor Code Sections 218.5 and/or 1194, Class Members request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

### Failure to Provide Meal Periods or Compensation in Lieu Thereof

### (Against Defendant, DOES 1 through 50, and each of them)

62.     Plaintiff and Class Members re-allege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

63.      Labor Code Sections 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes within the fifth (5th) hour of work, or employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of not less than thirty (30) minutes.

64.      Labor Code Section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this Section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this Section.

65.     Defendant failed to schedule Plaintiff and Class Members in a manner as to reasonably ensure that Plaintiff and Class Members could take such meal periods within the statutory timeframe.  As a result, Plaintiff and Class were often forced to forego their meal

periods, work during their meal periods and/or take meal periods after the fifth (5th) hour of their shifts.  In so doing, Defendant has intentionally and improperly denied meal periods to Plaintiff and Class Members in violation of Labor Code Sections 226.7 and 512, and other regulations and statutes.

66.    At all times relevant hereto, Plaintiff and Class have worked more than five (5) hours in a workday.

67.    At all times relevant hereto, Defendant failed to schedule Plaintiff and Class Members in a manner so as to reasonably provide work-free meal periods in accordance with Labor Code Sections 226.7 and 512 and failed to record meal periods. Defendant also failed to keep a record of meal periods.

68.    By virtue of Defendant's failure to schedule Plaintiff and Class Members in such a way as to provide a timely and/or work free meal period to Plaintiff and Class Members, Plaintiff and Class Members have suffered, and will continue to suffer, damages in an amount which is presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

69.    Plaintiff, individually and on behalf of Class Members, requests recovery of meal period compensation pursuant to Labor Code Section 226.7 for the four (4) years prior to filing this complaint, as well as the assessment of any statutory penalties against Defendant in a sum as provided by the Labor Code and/or other statutes.

### THIRD CAUSE OF ACTION

**Failure to Provide Rest Periods or Compensation in Lieu Thereof**

**(Against Defendant, DOES 1 through 50, and each of them)**

70.    Plaintiff and Class Members re-allege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

71.     The IWC Wage Orders and Labor Code Section 226.7 provides that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours or major fraction thereof.

72.     Labor Code Section 226.7, subdivision (b) provides that if an employer fails to provide an employee rest period in accordance with this Section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

73.     During the Class Period, Defendant did not provide Plaintiff and Class Members with a ten-minute rest period for every four (4) work hours or major fraction thereof.  Therefore, Plaintiff and Class Members were not provided lawful rest periods.

74.     Defendant failed and/or refused to implement a policy by which Plaintiff and Class Members could receive rest periods and/or work free rest periods.  By and through its actions, Defendant intentionally and improperly denied rest periods to Plaintiff and Class Members in violation of Labor Code Sections 226.7 and 512.

75.     At all times relevant hereto, Plaintiff and Class have worked more than four (4) hours in a workday.

76.     By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and Class Members, Plaintiff and Class Members have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

77.     Plaintiff, individually and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code Section 226.7 for the four (4) years prior to filing this Complaint, as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or any other statute.

## FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### (Against Defendant, DOES 1 through 50, and each of them)

78.     Plaintiff and Class re-allege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

79.     Labor Code Section 1174, subdivision (d) requires an employer to keep at a central location in California, or at the plant or establishment at which the employee is employed, payroll records showing the hours worked daily by, and the wages paid to, each employee.

80.     Labor Code Section 226, subdivision (a) requires an employer to provide employees—either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash—an accurate itemized wage statement in writing showing

> (1) gross wages earned, (2) total hours worked by the employee . . . , (4) all deductions . . . , (5) net wages, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . , and (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee . . . .

81.     Moreover, the IWC Wage Orders require that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, when each employee takes a meal period, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay.

82.     Plaintiff is informed and believes that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Class. Specifically, Plaintiff believes that Defendant's records do not accurately reflect when Plaintiff and Class worked during their meal and rest periods and/or took untimely meal periods or worked for hours not paid.

83.     Labor Code Section 226, subdivision (e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee, causing the employee injury, then the employee is

entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00). Plaintiff is informed and believes that Defendant willfully failed to make or keep accurate records for Plaintiff and Class.

84.    Plaintiff is informed and believes that Defendant's failure to keep accurate payroll records, as described above, violated Labor Code Section 1174, subdivision (d) and Section 226, subdivision (a), and the applicable IWC Wage Order(s). Pursuant to Labor Code Section 2699, subdivision (f)(2), Plaintiff and Class are entitled to penalties of $100.00 and for the initial violation and $200.00 for each subsequent violation for every pay period during which these records and information were not kept by Defendant.

85.    Plaintiff is informed and believes that Defendant's failure to keep and maintain accurate records and information, as described above, was willful, and Plaintiff and Class are entitled to statutory penalties pursuant to Labor Code Section 1174.5.

## FIFTH CAUSE OF ACTION

### Failure to Pay Wages and Accrued Vacation upon Termination of Employment
### (Against Defendant, DOES 1 through 50, and each of them)

86.    Plaintiff and Class re-allege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

87.    Certain Class Members who ended their employment with Defendant during the Class Period, were entitled to be promptly paid for all hours worked, including lawful regular time compensation, overtime compensation, double-time compensation, and other premiums, as required by Labor Code Sections 201 through 203. They are also entitled to meal period and rest period premium pay in accordance with Labor Code Sections 226 and 226.7.

88.    Labor Code Section 227.3 requires employers to pay employees for all unused vested vacation time at their final rate of pay upon termination of their employment. During the Class period, During the statutory period, Defendant maintained a policy and practice of failing to pay Plaintiff and Class Members the Paid Time Off (PTO) pay owed at the termination of employment. For instance, when Plaintiff's employment with Defendant terminated, he was not

paid accrued but not used PTO on his final paycheck from Defendant.  On information and belief, Defendant's failure to pay Plaintiff the correct amount of PTO was not a single, isolated incident, but was instead part of Defendant's policy and practice that applied to Class Members.

89.     Class Members were not compensated for their unlawful and/or missed meal periods and/or rest periods, and were not paid proper regular time compensation, overtime compensation or double-time compensation in accordance with law as a result of Defendant's illegal rounding practice and other violations.

90.     To date, Class Members who ended their employment with Defendant during the Class Period have not been compensated for all hours worked.

91.     Plaintiff and Class Members seek the payment of penalties pursuant to Labor Code Section 203, according to proof.

92.     Plaintiff is also entitled to attorneys' fees and costs, pursuant to Labor Code Section 1194, and prejudgment interest.

## SIXTH CAUSE OF ACTION

### Failure to Reimburse for Necessary Business Expenditures

### (Against Defendant, DOES 1 through 50, and each of them)

93.     Plaintiff and Class re-allege and incorporate by reference all the above paragraphs of this complaint as if fully alleged herein.

94.     California Labor Code §2802, states "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

95.     Plaintiff and Class were not reimbursed by Defendant for necessary expenditures as a direct consequence of the discharge of their duties. Plaintiff and Class incurred expenses as a direct result of performing their job duties for Defendant, and Defendant has failed to indemnify Plaintiff and Class for these employment-related expenses.

96.     Defendant knowingly, willingly and intentionally attempted to offset the cost of doing business on the Plaintiff and Class.

97.     Defendant had a corporate practice and policy of requiring Plaintiff and Class to

shoulder the burden of Defendant's cost of doing business by failing to reimburse Plaintiff and Class for necessary expenditures.

98.    Accordingly, Plaintiff and Class are entitled to an award of "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees and interest.

## SEVENTH CAUSE OF ACTION

### Unfair Business Practices

### (Against Defendant, DOES 1 through 50, and each of them)

99.    Plaintiff and Class re-allege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

100.    Business and Professions Code Section 17200 et seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

101.    Business and Professions Code Section 17204 allows "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL").

102.    Labor Code Section 90.5, subdivision (a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

103.    Beginning at an exact date unknown to Plaintiff, but at least since the date four (4) years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint including but not limited to violations of Labor Code Sections 201-204, 226, 226.7, 227.3, 510, 511, 558, 1174.5, 1197.1, 2802, 2699(f)(2) as well as other statutes.

104.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code Section 17200 et seq.

105.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code Section 17200 et seq.  Among other things, the acts and practices have forced Plaintiff and other similarly situated employees to labor for many consecutive hours without receiving the meal and rest periods and overtime compensation to which they are entitled by law, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

106.   As a result of Defendant's acts, Plaintiff and Class Members have suffered injury in fact in being denied their statutorily entitled meal and rest periods and full compensation for hours worked.

107.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class have suffered lost wages in an amount to be proven at trial.

108.   Business and Professions Code Section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendant from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

109.   Business and Professions Code Section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiff and Class are entitled to restitution pursuant to Business and Professions Code Section 17203 for all wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods taken away from them during the four-year period prior to the filing of this Complaint, as well as for all expenses or losses incurred by Plaintiff and Class in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

FIRST AMENDED COMPLAINT

110.     Business and Professions Code Section 17202 provides, "Notwithstanding Section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code Section 17202.

111.     Plaintiff's success in this action will enforce important rights affecting public interest, and in that regard, Plaintiff sues on behalf of the general public, as well as herself and other similarly situated employees.  Plaintiff and Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

112.     Plaintiff herein takes upon himself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action.  The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure Section 1021.5 and otherwise.

## EIGHTH CAUSE OF ACTION

**Violation of California Private Attorneys General Act of 2004, Labor Code §§ 2698 *et seq*.**

**(Against Defendant, DOES 1 through 50, and each of them)**

113.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

114.     Plaintiff seeks recovery of penalties under the Labor Code Private Attorney General Act of 2004 ("PAGA.") (Labor Code sections 2698 et seq.)

115.     PAGA permits an "aggrieved employee" to recover penalties on behalf of himself/herself and other employees subject to violations of the Labor Code, including violations of sections 201-204, 226, 226.7, 227.3, 510, 512, 1174, 1194, 1198 and 2802, as well as the applicable Wage Order.

116.     Plaintiff is informed and believes Defendant at all relevant times employed one or more employees.

117.     For those code sections that provide for the recovery of civil penalties, Plaintiff

will seek on behalf of all aggrieved employees those penalties. For those sections of the Labor Code that do not specifically provide for civil penalties, Plaintiff will seek civil penalties of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation pursuant to Labor Code section 2699, subdivision (f).

118.    Section 2699, subdivision (a) provides that civil penalties may be "recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." (Code Civ. Proc., § 2699, subd. (a).) Section 2699, subdivision (g), provides that an employee who prevails in a civil action under section 2699 shall be entitled to an award of reasonable attorneys' fees and costs.

119.    The State of California, Plaintiff and aggrieved employees are, therefore, entitled to civil penalties, attorneys' fees and costs, according to proof.

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendant as follows:

### Class Certification

1.    That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action;

2.    That Plaintiff be appointed as the representative of the Class; and

3.    That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.    That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 204, 510, 1194, 1198 and applicable IWC Wage Orders by willfully failing to pay all wages due;

5.    For general unpaid wages as may be appropriate;

6.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.   For liquidated damages;

8.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.   For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

10. That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

11. For unpaid meal period premium wages as may be appropriate;

12. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

14. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15. That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16. For unpaid rest period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

FIRST AMENDED COMPLAINT

20. That the Court declare, adjudge and decree that Defendant violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

21. For penalties and actual damages pursuant to California Labor Code § 226(e);

22. For injunctive relief to ensure compliance with this Section, pursuant to California Labor Code § 226(h);

23. For reasonable attorneys' fees and for costs of suit incurred herein; and

24. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25. That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 201, 202, 203, 227.3 by willfully failing to pay all compensation and vacation owed at the time of termination of the employment;

26. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendant's employ;

27. For pre-judgment interest on any unpaid wages from the date such amounts were due;

28. For reasonable attorneys' fees and for costs of suit incurred herein; and

29. For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30. That the Court declare, adjudge and decree that Defendant violated Labor Code § 2802 and the IWC Wage Orders;

31. For general unpaid wages and reimbursement of business expenses as may be appropriate;

32. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

33. For reasonable attorneys' fees and for costs of suit incurred herein; and

34. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

35. That the Court declare, adjudge and decree that Defendant violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

36. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

37. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

38. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

39. For injunctive relief to ensure compliance with this Section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

40. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

FIRST AMENDED COMPLAINT

41.  That the Court declare, adjudge and decree that Defendants violated the California Labor Code sections 201-204, 226, 226.7, 227.3, 510, 512, 1174, 1194, 1198 and 2802, as well as the applicable Wage Order ;

42. For all civil penalties pursuant to California Labor Code § 2699, et seq., and all other applicable Labor Code provisions;

43. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2699;

44.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

45. For any additional relief that the Court deems just and proper.

Dated: June 28, 2023                    **TUNYAN LAW, APC**


__/Lilit Tunyan/_____

Lilit Tunyan
Artur Tunyan

Attorneys for Plaintiff JAVIER RAMIREZ

FIRST AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

3

4          Plaintiff JAVIER RAMIREZ hereby demands a jury trial on all issues so triable.

5

6

7    Dated: June 28, 2023                              **TUNYAN LAW, PAC**

8

9

10                                                     /Lilit Tunyan/_____

11                                                     Lilit Tunyan
                                                       Artur Tunyan
12
                                                       Attorneys for Plaintiff JAVIER RAMIREZ
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

# Exhibit "A"



**TUNYAN LAW**

Lilit Tunyan, Esq.
1336 Rossmoyne Avenue,
Glendale, CA 91207
Tel: (323) 410-5050
ltunyan@tunyanlaw.com

May 2, 2023

**VIA ONLINE SUBMISSION**
Labor & Workforce Development Agency
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612
PAGAfilings@dir.ca.gov

**VIA CERTIFIED MAIL**
**Return Receipt Requested**
Agent for Service of Process for
Jones Lang LaSalle Americas, Inc.
United Agent Group Inc.
5901 W. Century Boulevard, Suite 750
Los Angeles, CA  90045

**VIA CERTIFIED MAIL**
**Return Receipt Requested**
Jones Lang LaSalle Americas, Inc.
200 East Randolph Drive
Chicago, IL 60601

**NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
LABOR CODE SECTION § 2698 ET SEQ.**

*Re: Ramirez v. Jones Lang LaSalle Americas, Inc.*

To Whom It May Concern:

Please be advised that my office has been retained by Javier Ramirez ("Plaintiff") to pursue a Labor Code Private Attorney General Act (PAGA) representative action (Cal. Lab. Code §§ 2699, *et seq.*) against his former employer Jones Lang LaSalle Americas, Inc. ("Defendant"). The purpose of this letter is to comply with PAGA and set forth the facts and theories of California Labor Code violations which Plaintiff alleges Defendant engaged in with respect to Plaintiff and all of Defendant's aggrieved employees.

Plaintiff wishes to pursue a PAGA representative action on behalf of himself as an aggrieved employee, on behalf of the State of California, and on behalf of all other current and former aggrieved employees who worked for Defendant in California as an hourly paid, non-exempt

1

employee at any time within the applicable statutory period (hereafter, the "Aggrieved Employees").

Plaintiff and the Aggrieved Employees of Defendant suffered the Labor Code violations described below.

### Factual Background Regarding Plaintiff's Employment with Defendant and Misclassification

Defendant owns and operates an industry, business, and establishment within the State of California, including San Francisco County.  As such, Defendant is subject to the California Labor Code and the Wage Orders issued by the Industrial Welfare Commission ("IWC").

Plaintiff worked for Defendant as a moves coordinator from approximately December 20, 2021 to June 14, 2022, in San Francisco county.

Defendant classified Plaintiff as an exempt employee and paid an hourly wage up to forty (40) hours per week only. California law states that exempt employees are not subject to the overtime wages and meal and rest breaks afforded to their non-exempt counterparts. Under Labor Code § 515 subd. (a), employees will only be considered exempt if (1) the employee is primarily engaged in duties that meet the test of an applicable exemption established by the Industrial Welfare Commission ("IWC"), (2) the employee "customarily and regularly exercises discretion and independent judgment" in performing their job duties, and (3) the employee "earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment."

While Plaintiff was paid a salary of twice the minimum wage, he did not "customarily and regularly exercise discretion and independent judgement" in his job duties. In interpreting this phrase, California courts have looked to Federal labor regulations for guidance, which define it as involving "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." *Combs v. Skyriver Communications, Inc.* (2008) 159 Cal.App.4th 1242, 1256, quoting 29 C.F.R. section 541.202(a) ("*Combs*"). Additionally, the term "customarily and regularly exercise discretion and independent judgement" implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance." *United Parcel Serv. Wage & Hour Cases* (2010) 190 Cal. App.4th 1001, 1024, quoting 29 C.F.R. § 541.207(a).) Moreover, the exercise of such discretion "must be more than occasional." *United Parcel Serv. Wage & Hour Cases* 190 Cal.App.4th at p. 1024.

Despite having held the title of "Moves coordinator" Plaintiff's daily tasks demonstrate that he did not customarily and regularly exercise discretion and independent judgment. Plaintiff's tasks involved functions such as coordinating moves of teams coming in and out of Google campus, maintaining project documents on Defendant's clients' sites, processing Defendant's clients'

requests, participating in planning the meetings, initiating meetings to review project schedules with Defendant's vendors and key stakeholders, assisting with project planning and budgeting, making sure project processes are managed in accordance with Defendant's clients' policies and procedures, performing data input into the software systems, assisting in management of vendors and supporting suppliers. Those duties were completely subject to the direct control of Plaintiff's supervisor, in particular Google Floor Captain. Plaintiff's supervisor assigned the vast majority of his tasks, and virtually none of these tasks could be performed and complete without his oversight and approval. Plaintiff had no authority to affect or implement management policies or operating practices. He was subject completely to the will of his supervisor, Google Floor Captain, who directed his activities while employed with Defendant. Accordingly, Plaintiff was unable to customarily and regularly exercise discretion and independent judgment during virtually the entirety of his employment.

Further, Plaintiff's responsibilities when employed indicate that he did not meet any IWC exemption. Plaintiff as an office employee would fall under Wage Order 4, "Professional, Technical, Clerical, Mechanical and Similar Occupations." Wage Order 4 sets out three exemptions. The Executive Exemption requires "the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof…" (8 CCR section 11040(1.)(A)(1)(a).) The Administrative Exemption requires either "The performance of office or non-manual work directly related to management policies or general business operations…" or "The performance of functions in the administration of a school system…" (8 CCR section 11040(1.)(A)(2)(a).) The Professional Exemption requires either specific licensing in a variety of specialized fields or engagement "in an occupation commonly recognized as a learned or artistic profession." (8 CCR section 11040(1.)(A)(3)(a-b).) In order to fall under any exemption, all elements of the exemption must be met. *Heyen v. Safeway Inc*. (2013) 216 Cal.App.4th 795, 817.

Although facially the Administrative Exemption appears to apply to Plaintiff's former title as Moves Coordinator, his former responsibilities indicate no such application. In *Combs*, the court found Mr. Combs exempt under the Administrative Exemption where substantial evidence showed that his duties "involved high-level problem solving, preparing reports for Skyriver's board of directions, capacity and expansion planning, planning for the integration of acquired networks into Skyriver's network, lease negotiations, and equipment sourcing and purchasing." *Combs*, 159 Cal.App.4th at p.1264.

As mentioned above, Plaintiff's duties have no direct relation to management policies or general business operations. Plaintiff's roles did not bear on managing Defendant as a business or effectuating change to its policies.

Similarly, while the Executive Exemption could appear to apply Plaintiff as an "Moves Coordinator," any management responsibility Plaintiff had was curtailed by the control of his supervisor. Furthermore, the exemption requires the employee to "primarily" be engaged in these

sorts of duties and defines this to mean "more than one-half the employee's work time." (8 CCR section 11040(2)(K).) As stated above, virtually all of Plaintiff's time was spent carrying out assignments under the direction of his supervisor.

As for the Professional Exemption, Plaintiff is a high school graduate without a college degree and specific licensing.

For the forgoing reasons, Defendant willfully misclassified Plaintiff as an exempt employee, and accordingly, Plaintiff is entitled to recover all wage and hour entitlements under the Labor Code and Wage Order 4.

Throughout Plaintiff's employment, Defendant committed numerous labor code violations under state law.  As discussed below, Plaintiff's experience working for Defendant was typical and illustrative.

## Failure to Pay for All Hours Worked, Including Overtime

Under California law, an employer must pay for all hours worked by an employee.  "Hours worked" is the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In addition, Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

Labor Code §§ 1194 and 1198 also provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

Throughout the statutory time period, Defendant maintained a policy and practice of failing to pay Plaintiff and the Aggrieved Employees for all hours worked including straight time wages and overtime wages.  Defendant regularly used a system of time rounding in a manner that resulted, over a period of time, in failing to compensate Plaintiff and the Aggrieved Employees properly for all the time they have actually worked, even though the realities of Defendant's operations are such that it is possible, practical, and feasible to count and pay for work time to the minute. Defendant failed to maintain a time recording system. Plaintiff and the Aggrieved Employees were not required to keep track of their time and were for scheduled time only despite working more than scheduled time. Defendant also failed to record meal periods. Accordingly, Defendant frequently paid Plaintiff and the Aggrieved Employees less than all their work time.  Some of this unpaid work also should have been paid at the overtime rate.

Throughout the statutory period, Plaintiff and the Aggrieved Employees received additional remuneration in the form of bonuses and shift differentials. However, Defendant has not compensated Plaintiff and the Aggrieved Employees at the proper overtime and sick pay rate. Defendant did not include the additional remuneration paid to Plaintiff and the Aggrieved Employees in the regular rate of pay for purposes of calculating overtime rate of pay and sick pay. Throughout the statutory period, Defendant also maintained a policy and practice of requiring Plaintiff and the Aggrieved Employees to perform work "off-the-clock". Throughout the statutory period, Defendant required Plaintiff and the Aggrieved Employees to work beyond the scheduled 8 hours to check and respond to work related emails. However, Plaintiff's manager specifically instructed to make sure it does not create any overtime work so that Defendant avoids paying overtime. Starting from approximately April 2020, Defendant also required Plaintiff and the Aggrieved Employees to take a COVID test once per week prior to arriving to Defendant's facilities off-the-clock but failed to compensate for that time. In maintaining a practice of not paying all wages owed, Defendant failed to maintain accurate records of the hours Plaintiff and the Aggrieved Employees worked. In doing so, Defendant also failed to maintain accurate records of the hours Plaintiff and the Aggrieved Employees worked.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code §§ 210, 558, 1197.1, and 2699(f)(2) for failing to pay for all hours worked, including overtime.

**Failure to Provide Meal Periods**

Under California law, employers have an affirmative obligation to relieve employees of all duty in order to take their first 30-minute, duty-free meal periods no later than the start of sixth hour of work in a workday, and to allow employees to take their second 30-minute, duty-free meal period no later than the start of the eleventh hour of work in the workday. Further, employees are entitled to be paid one hour of additional wages for each workday they were not provided with all required meal period(s).

Despite these legal requirements, Defendant wrongfully failed to provide Plaintiff and the Aggrieved Employees with legally compliant meal periods. Defendant regularly required Plaintiff and the Aggrieved Employees to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Aggrieved Employees for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendant did not adequately inform Plaintiff and the Aggrieved Employees of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Moreover, Defendant did not have adequate written policies or practices providing meal periods for Plaintiff and the Aggrieved Employees, nor did Defendant have adequate policies or practices regarding the timing of meal periods or recording of meal periods. Defendant failed to keep a record of meal periods. Accordingly, Defendant's policy and practice

was to not provide meal periods to Plaintiff and the Aggrieved Employees in compliance with California law.

Plaintiff and the Aggrieved Employees are thus entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s). Defendant, however, regularly failed to pay Plaintiff and the Aggrieved Employees the additional wages to which they were entitled for meal periods and that were not provided.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code §§ 210, 558, and 2699(f)(2) for failing to provide meal periods and pay meal period premium wages.

### **Failure to Authorize and Permit Rest Periods**

Employers are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.

Defendant, however, wrongfully failed to authorize and permit Plaintiff and the Aggrieved Employees to take timely and duty-free rest periods. Defendant regularly required Plaintiff and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendant authorizing and permitting them to take a 10 minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Aggrieved Employees for rest periods that were not authorized or permitted. Defendant did not adequately inform Plaintiff and the Aggrieved Employees of their right to take a rest period. Moreover, Defendant did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Aggrieved Employees, nor did Defendant have adequate policies or practices regarding the timing of rest periods. Most importantly, Defendant did not allow Plaintiff and the Aggrieved Employees to leave the work premises for rest periods. Accordingly, Defendant's policy and practice was for Plaintiff and the Aggrieved Employees to work through rest periods and to not authorize or permit them to take any rest periods.

Plaintiff and the Aggrieved Employees are thus entitled to be paid one hour of additional wages for each workday he or she was not authorized and permitted to take all required rest period(s). Defendant, however, regularly failed to pay Plaintiff and the Aggrieved Employees the additional wages to which they were entitled for rest periods and that they were not authorized and permitted to take.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code §§ 210, 558, and 2699(f)(2) for failing to authorize and permit rest periods and pay rest period premium wages.

**Failure to Maintain Accurate Records of Hours Worked**

Plaintiff seeks penalties under Labor Code § 1174(d). Pursuant to Labor Code § 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by Labor Code § 1174 is subject to a penalty under § 1174.5. Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods and total hours worked daily shall also be recorded.

Defendant, however, failed to maintain accurate records of hours worked and meal periods taken or missed by Plaintiff and the Aggrieved Employees. Defendant did not record meal periods.

Defendant's failure to provide and maintain records required by the Labor Code IWC Wage Orders deprived Plaintiff and the Aggrieved Employees the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendant's records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendant. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. As a result of Defendant's knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 1174.5 for failing to maintain accurate records of hours worked and meal periods.

**Failure to Reimburse and Indemnify Expenses**

California Labor Code § 2802 requires employers to reimburse employees for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of the employer.

Throughout the statutory period, Defendant wrongfully required Plaintiff and the Aggrieved Employees to pay expenses that they incurred in direct discharge of their duties for Defendant without reimbursement. Plaintiff and the Aggrieved Employees were required to use their personal cell phones, personal computers, home office and internet when they worked from home. Defendant failed to compensate for personal cell phone, computer, home office and internet usage. Plaintiff and the Aggrieved Employees incurred these substantial expenses as a

direct result of performing their job duties for Defendant, and Defendant has failed to indemnify Plaintiff and the Aggrieved Employees for these employment-related expenses.

**Failure to Pay All Accrued Vacation Wages at Termination**

Labor Code § 227.3 requires employers to pay employees for all unused vested vacation time at their final rate of pay upon termination of their employment.

During the statutory period, Defendant maintained a policy and practice of failing to pay Plaintiff and the Aggrieved Employees the Paid Time Off (PTO) pay owed at the termination of employment. For instance, when Plaintiff's employment with Defendant terminated, he was not paid accrued but not used PTO on his final paycheck from Defendant. On information and belief, Defendant's failure to pay Plaintiff the correct amount of PTO was not a single, isolated incident, but was instead part of Defendant's policy and practice that applied to the Aggrieved Employees.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 2699(f)(2) for failing to pay all accrued vacation wages at termination.

**Failure to Timely Pay All Wages at Termination**

Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

Within the applicable statute of limitations, the employment of Plaintiff and many Aggrieved Employees ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendant failed, and continues to fail to terminated Plaintiff and the Aggrieved Employees, without abatement, all wages required to be paid by Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ. These unpaid wages include wages for unpaid work time including straight time and overtime wages, missed meal periods, and missed rest periods.

Defendant's conduct violates Labor Code §§ 201 and 202.Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

Accordingly, Plaintiff and the Aggrieved Employees are entitled to recover from Defendant their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to Labor Code § 203.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 2699(f)(2) for failing to timely pay all wages at termination.

**<u>Failure to Furnish Accurate Itemized Wage Statements</u>**

Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  An employee is presumed to suffer an injury if this information is missing.  Lab. Code § 226(e)(2)(B)(iii).

The statute further provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  Labor Code § 226(e)(1).

Defendant intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly list gross wages earned, the failure to list the rate and units for the payment titled on wage statements as "CA PenltyLateTrm", the failure to list the true net wages earned, including wages for meal periods that were not provided in accordance with California law, wages for rest periods that were not authorized and permitted to take in accordance with California law, and correct wages earned for all hours worked.

As a result of Defendant violating Labor Code § 226, Plaintiff and similarly Aggrieved Employees suffered injury and damage to their statutorily protected rights.

Accordingly, Plaintiff and the Aggrieved Employees are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding $4,000 dollars per employee.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 226.3 for failing to furnish accurate itemized wage statements.

### Failure to Pay All Earned Wages Twice Per Month

Based on its failure to pay Plaintiff and the Aggrieved Employees for all wages as discussed above, Defendants also violated Labor Code § 204.

Labor Code § 204 requires employers to pay employees all earned wages two times per month on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. Lab. Code § 204(a). The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period. Lab. Code § 204(d).

Throughout the statute of limitations period applicable to this cause of action, employees were also entitled to be paid twice a month at their regular rates, including all meal period premium wages owed, rest period premium wages owed, and wages owed for hours worked.  However, during all such times, Defendant systematically failed and refused to pay the employees all wages due, and failed to pay those wages twice a month, in that employees were not paid all wages for all meal periods not provided by Defendant, all wages for all rest periods not authorized and permitted by Defendant, and all wages for all hours worked.  As a result, Defendant owe employees the legally required wages for unpaid wages, and Plaintiff and the Aggrieved Employees suffered damages in those amounts.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 210 for failing to pay all earned wages twice per month.

### Action for Civil Penalties Under PAGA

In light of the above, Plaintiff alleges that Defendant violated the following provisions of the Labor Code with respect to the Aggrieved Employees:

1. Labor Code § 204, 510, 1194, 1197, and 1198 by failing to pay for all hours worked, including minimum wages, straight time wages and overtime wages;

2. Labor Code § 226.7, 512 and applicable Wage Orders by failing to provide meal periods;

3. Labor Code § 226.7 and applicable Wage Orders by failing to authorize and permit rest periods;

10

4.   Labor Code § 1174.5 and applicable Wage Orders by failing to maintain accurate records of hours worked and meal periods taken or missed;

5.   Labor Code § 2802 by failing to reimburse and indemnify employees for expenses and losses in the direct consequence and discharge of their duties;

6.   Labor Code §§ 201 to 203 by willfully failing to pay all wages owed at termination;

7.   Labor Code § 226 by failing to provide accurate itemized wage statements;

8.   Labor Code § 204 by failing to pay all earned wages two times per month;

9.   Labor Code § 227.3 for failure to pay accrued vacation at termination.

Therefore, on behalf of all Aggrieved Employees, Plaintiff seeks applicable penalties related to the violations alleged above pursuant to the PAGA. These include, but are not limited to, penalties under Labor Code §§ 210, 558, 1174.5, 1197.1, 2802, 2699(f)(2), 6427, 6428, 6429.

Plaintiff has placed Defendant on notice by mailing a certified copy of this correspondence to its corporate address and address of the agent for service, as well as attorneys representing Defendant as indicated on the first page.

The facts and claims contained herein are based on the information available at the time of this writing. Therefore, if through discovery and/or expert review, Plaintiff becomes aware of additional compensation owed or losses incurred by Plaintiff or by any other aggrieved employee of Defendant or any additional facts, Plaintiff expressly reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action to the complaint which will relate back to the date of this letter.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact me.


Sincerely,


**Lilit Tunyan, Esq.**
**Partner**
**TUNYAN LAW, APC**

**From:**      noreply@salesforce.com on behalf of LWDA DO NOT REPLY
**To:**        ltunyan@tunyanlaw.com
**Subject:**   Thank you for submission of your PAGA Case.
**Date:**      Tuesday, May 2, 2023 2:23:45 PM

---

5/2/2023

LWDA Case No. LWDA-CM-952308-23
Law Firm : Tunyan Law, APC
Plaintiff Name : Javier Ramirez
Employer: Jones Lang LaSalle Americas, Inc.
Filing Fee : $75.00
IFP Claimed : No

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

Chicago, IL 60601

| Certified Mail Fee | $4.15 |
| $2.75 | 0711 |
| | 21 |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00        Postmark
☐ Certified Mail Restricted Delivery $ $0.00        Here
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $ $0.00

Postage $1.74        05/02/2023

Total Postage and Fees $9.24

Sent To

Jones Lang LaSalle Americas, Inc.
200 East Randolph Drive
Chicago, IL 60601

PS Form 3800, January 2023

9589 0710 5270 0112 6450 97

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

Los Angeles, CA 90045

| Certified Mail Fee | $4.15 |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00        Postmark
☐ Certified Mail Restricted Delivery $ $0.00        Here
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $ $0.00

Postage $1.74        05/02/2023

Total Postage and Fees $9.24

Sent To

Jones Lang LaSalle Americas, Inc.
Agent for Service of Process for
United Agent Group Inc.
5901 W. Century Boulevard, Suite 750
Los Angeles, CA 90045

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

9589 0710 5270 0112 6450 80



**UNITED STATES POSTAL SERVICE.**

GLENDALE
313 E BROADWAY
GLENDALE, CA 91205-9998
(800)275-8777

05/02/2023                          04:30 PM
------------------------------------------------
Product            Qty  Unit    Price
                        Price
------------------------------------------------
First-Class Mail®    1            $1.74
Large Envelope
     Los Angeles, CA 90045
     Weight: 0 lb 2.70 oz
     Estimated Delivery Date
        Thu 05/04/2023
     Certified Mail®               $4.15
        Tracking #:
          9589 0710 5270 0112 6450 80
     Return Receipt                $3.35
        Tracking #:
          9590 9402 8114 2349 9467 93
Total                              $9.24

First-Class Mail®    1            $1.74
Large Envelope
     Chicago, IL 60601
     Weight: 0 lb 2.70 oz
     Estimated Delivery Date
        Mon 05/08/2023
     Certified Mail®               $4.15
        Tracking #:
          9589 0710 5270 0112 6450 97
     Return Receipt                $3.35
        Tracking #:
          9590 9402 8114 2349 9466 87
Total                              $9.24

------------------------------------------------
Grand Total:                      $18.48

------------------------------------------------
Credit Card Remit                 $18.48
     Card Name: VISA
     Account #: XXXXXXXXXXXX0153
     Approval #: 08355G
     Transaction #: 097
     AID: A0000000031010    Contactless
     AL: VISA CREDIT
     CHASE VISA



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1.

Jones Lang LaSalle Americas, Inc.
Agent for Service of Process for
United Agent Group Inc.
5901 W. Century Boulevard, Suite 750
Los Angeles, CA 90045

9590 9402 8114 2349 9467 93

2. Article Number (Transfer from service label)

9589 0710 5270 0112 6450 80

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**USPS TRACKING #**

9590 9402 8114 2349 9467 93

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**TUNYAN LAW, APC**
1336 Rossmoyne Avenue
Glendale, CA 91207

TUNYAN LAW



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Jones Lang LaSalle Americas, Inc.
200 East Randolph Drive
Chicago, IL 60601

9590 9402 8114 2349 9466 87

2. Article Number *(Transfer from service label)*

9589 0710 5270 0112 6450 97

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 8114 2349 9466 87

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**TUNYAN LAW , APC**
1336 Rossmoyne Avenue
Glendale, CA 91207

TUNYAN LAW